[No. 21117. In Bank.—September 29, 1894.]

## Ex Parte WILLIAM M. ROACH, on Habeas Corpus.

Municipal Corporations—Powers—Effect of Ordinance as Law.—The powers of municipal corporations are to be found in their charter, or in some provisions of the statute or constitution of the state; and any ordinance passed by a municipal corporation, within the scope of the authority expressly conferred upon it, has the same force within its corporate limits as a statute passed by the legislature.

Id.—Constitutional Grant of Municipal Power—Construction of Ordinance.—Where the constitution grants legislative power to municipal corporations, the source of the power is the same as is that exercised by the legislature, and an ordinance within the exercise of the legislative power of the municipal corporation is to be construed with the same effect as if it had been adopted by the legislative power itself, and will be deemed to contain the legislative will for the municipal corporation.

Id.—Conflict between Ordinances of Municipality and County.—Ordinances passed by a municipality whose territory is included within a county will supersede any ordinance of the county upon the same subject.

Id.—Construction of Constitution—Local Police Regulations.—Section 11 of article XI of the constitution, which provides that "any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws," confers the power to make these regulations upon cities as well as upon counties, and must be held to be equally authoritative in each, and the only limitation upon the exercise of the power is that the regulations to be made shall not be in conflict with general laws.

Id.—Ordinance of County not a General Law.—The limitation of the constitution applies equally to legislation of the county and the city, and an ordinance passed by a county is not a "general law," within the meaning of the constitution.

Id.—County Ordinance Regulating Liquor Licenses Inoperative in City.—A county ordinance making it unlawful for any person to sell any intoxicating liquor at a saloon between the hours of ten o'clock, P. M., and five o'clock, A. M., of the succeeding day is inoperative in a municipal corporation within the county which has previously passed an ordinance licensing the sale of intoxicating liquors without such restriction.

Hearing in the Supreme Court upon writ of *habeas corpus.*

·The facts are stated in the opinion of the court.

*Horace L. Smith,* for Petitioner.

Under the municipal corporation act of 1883 the territory comprising the city of Hanford was completely separated from the jurisdiction of the county authority. (*Haynes* v. *Washington Co.,* 19 Ill. 66; *State* v. *Button,* 25 Wis. 109.) The ordinances passed by a municipality under the power conferred by section 11 of article XI of the constitution are local laws, having within the municipality the same effect upon the persons therein as·an act of the legislature has upon the people at large. (*Des Moines Gas Co.* v. *Des Moines,* 44 Iowa, 508; 24 Am. Rep. 756; *St. Johnsbury* v. *Thompson,* 59 Vt. 301; 59 Am. Rep. 731; *Hopkins* v. *Mayor of Swansea,* 4 Mees. & W. 621, 640.) The license ordinance of the city having been passed without the restrictions provided for in the county ordinance superseded the county ordinance. (1 Dillon on Municipal Corporations, sec. 184; *Ex parte Cheney,* 90 Cal. 617; *Woodward* v. *Fruitvale Sanitary Dist.,* 99 Cal. 554; *Ex parte Campbell,* 74 Cal. 20; 5 Am. St. Rep. 418; *Taylor* v. *City of Fort Wayne,* 47 Ind. 274; *In re Snell,* 58 Vt. 207; *St. Johnsbury* v. *Thompson,* 59 Vt. 301; 59 Am. Rep. 731; *Drain Commrs.* v. *Baxter,* 57 Mich. 127; *Highway Commrs.* v. *Van Dusan,* 40 Mich. 429.)

*S. Solon Holl, contra.*

Harrison, J.—The petitioner is held by the sheriff of Kings county under a warrant of arrest issued by a justice of the peace of Lucerne township in that county,

CIV. CAL.—18

upon a complaint charging him with having, on the 13th of April, 1894, sold at his saloon in the city of Hanford certain intoxicating liquor, in violation of an ordinance of the board of supervisors of Kings county. The ordinance which the petitioner is charged with violating is entitled "An ordinance for the purpose of regulation, relating to saloons and other places where intoxicating liquors are sold, given away, or in any manner disposed of," and makes it unlawful for any person to sell any intoxicating liquor at a saloon between the hours of ten o'clock, P. M., and five o'clock, A. M., of the succeeding day. The city of Hanford is a municipal corporation of the sixth class, organized under the municipal government act of March 13, 1883, and had prior to the 13th of April, 1894, passed an ordinance providing for the [issuance of licenses for the sale of intoxicating liquors. The petitioner had complied with the provisions of this ordinance, and had received from the city of Hanford a license to carry on the business of retailing liquor within that city, which was in force at the time of his arrest. It is contended on the part of the petitioner that he is illegally held, for the reason that the supervisors of Kings county are without any police authority within the city of Hanford; that the ordinance passed by that body under which he was arrested is limited in its operation to those portions of the county not included within the boundaries of any municipality therein.

A municipal corporation can exercise only such powers as have been expressly or by necessary implication conferred upon it by law. These powers are to be found in its charter, or in some provision of the statute or constitution of the state wherein it is organized. Any ordinance passed by it within the scope of the authority expressly conferred upon it has the same force within the corporate limits as a statute passed by the legislature itself has throughout the state. (1 Dillon on Municipal Corporations, sec. 308; *Village of Carthage* v. *Frederick*, 122 N. Y. 268; 19 Am. St. Rep. 490.) Each derives its

authority from the same source, and is an exercise of
legislative power which has been conferred by the peo-
ple.   In the one case the power is exercised directly by
the legislature, and in the other it is the exercise of a
delegated power which has been authorized by the con-
stitution, but in both cases the source of the power is
the same.   Any inconsistency between the two is to be
resolved in favor of the ordinance, upon the principle
that of two statutes containing inconsistent provisions
that which is later in date is a repeal by implication of
the earlier one, and upon the further principle that a
statute making particular provision for a designated
object or district will be deemed to contain the legisla-
tive will for that object or district, and will prevail over
a general law applicable to the state at large.   (*State* v.
*Clarke*, 54 Mo. 17; 14 Am. Rep. 471; *State* v. *Clarke*, 25
N. J. L. 54; *St. Johnsbury* v. *Thompson*, 59 Vt. 301; 59
Am. Rep. 731; *Daw* v. *Metropolitan Board of Works*, 12
Com. B., N. S., 161; Sutherland on Statutory Construc-
tion, sec. 140.)   The adoption of the ordinance being
the exercise of a delegated legislative power, is to be
construed with the same effect as if it had been adopted
by the legislative power itself.   Upon this principle
ordinances passed by a municipality whose territory is
included within a county will supersede any ordinance
of the county upon the same subject.   Each being the
exercise of a legislative power derived from the same
source, is to be construed as though each had been the
exercise of that power by the legislature itself.

Section 6 of article XI of the constitution provides:
"Corporations for municipal purposes shall not be cre-
ated by special laws; but the legislature by general laws
shall provide for the incorporation, organization, and
classification in proportion to population of cities and
towns, which laws may be altered, amended, or repealed."

Under this authority the legislature, in 1883 (Stats.
of 1883, p. 93), adopted a municipal government act for
the incorporation and organization of cities.   Section 1
of this act provides: "Any portion of a county contain-

ing not less than five hundred inhabitants, and not incorporated as a municipal corporation, may become incorporated under the provisions of this act, and when so incorporated shall have the powers conferred, or that may be hereafter conferred by law, upon municipal corporations of the class to which the same may belong." By virtue of this act the city of Hanford has been carved out of the territory of Kings county, and organized into a city with the powers conferred by the act.

Section 1 of article XI of the constitution provides: "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws." The power to make these regulations is by this section conferred upon the city as well as upon the county, and must be held to be equally authoritative in each. It is a portion of the lawmaking power which the people through their constitution have conferred upon these respective bodies, and its exercise is entitled to the same consideration and to receive the same obedience as that portion of the same power which by the same instrument has been conferred upon the legislature. The regulations made under this authority are none the less a part of the law because the authority to make them is conferred immediately by the constitution, than if it had been conferred mediately through an act of the legislature. The only limitation upon the exercise of the power is that the regulations to be made under it shall not be " in conflict with general laws." As this limitation applies equally to regulations of the county and the city, it cannot be held by the terms of the limitation that the regulation of either of these bodies is a general law for the other, and it is held that an ordinance passed by a county is not a " general law" within the meaning of this section of the constitution. (*Ex parte Campbell*, 74 Cal. 25; 5 Am. St. Rep. 418.)

The constitution recognizes the division of the state into counties, and has authorized the legislature to establish for them a uniform system of government;

but it has also authorized the creation of other munic-
ipalities within the boundaries of the several coun-
ties, and has given to such municipalities the same
power of legislation upon these enumerated subjects as
is conferred upon the counties themselves; and the power
thus conferred by the constitution is to be construed, if
possible, in such a way as to give full effect to its exer-
cise by each of the designated bodies. It is no more
necessary that there be a conflict between the power
thus to be exercised by the county and the city than if
the authority of each had been derived through an act
of the legislature. It is not to be supposed that it was
the intention of the people through their constitution to
authorize a county to exercise the same power within
the territory of the city as the city itself could exercise,
or to confer upon the county the right to interfere with
or impair the effect of similar legislation by the city
itself. Mr. Dillon says (1 Dillon on Municipal Corpo-
rations, sec. 184): "There cannot be at the same time
within the same territory two distinct municipal corpo-
rations exercising the same powers, jurisdictions, and
privileges." Full effect can be given to the section by
holding that each has been given the exclusive right of
legislation within its own particular boundaries. By the
organization of a city within the boundaries of a county
the territory thus organized is withdrawn from the legis-
lative control of the county upon the designated subjects,
and is placed under the legislative control of its own coun-
cil; and the principle of local government which pervades
the entire instrument is convincive of the intention to
withdraw the city from the control of the county, and
to deprive the county of any power to annul or super-
sede the regulations of the city upon the subjects which
have been confided to its control. In *Ex parte Wolters*,
65 Cal. 269, there was nothing in the record to indicate
whether the ordinance then under consideration was for
the purpose of revenue or regulation, or for both. In
their brief counsel for the petitioner expressly stated
that the purpose of the writ was to test the question of

the power of the board of supervisors to exact from persons transacting business in the county a license tax for revenue purposes. The right of the county of Butte to exercise within any city in the county the police power conferred by section 11 of article XI of the constitution was not presented or considered by the court, and counsel expressly disclaimed any intention to argue that question. It did not even appear that the sale of the liquor for which the defendant was under arrest was made within the limits of any city. In *Ex parte Campbell*, 74 Cal. 25, 5 Am. St. Rep. 418, where an ordinance of the city of Pasadena prohibiting the sale of wines or liquors in saloons and bar-rooms was under consideration, it was held that any regulations of the county of Los Angeles could not have the power to divest the authorities of the city of the right to legislate upon the same subject and enforce such regulations within the city limits. *In re Lawrence*, 69 Cal. 608, presented the single question whether the county as well as the city had the right to collect a license tax for the business of selling liquor, and did not involve any question of the exercise of a police power.

We are clearly of the opinion that the ordinance of the board of supervisors of Kings county is inoperative within the city of Hanford, and that the petitioner is illegally restrained of his liberty, and must be discharged; and it is so ordered.

De Haven, J., Fitzgerald, J., Van Fleet, J., and Beatty, C. J., concurred.