[L. A. No. 960. Department One.—January 30, 1901.]

COUNTY OF LOS ANGELES, by JOHN A. GISH, Tax Collector, Respondent, *v.* S. O. EIKENBERRY, Appellant.

License Tax—Power of Supervisors in Incorporated Cities—County Government Act—Constitutional Law.—The provision of the County Government Act of 1893, authorizing boards of supervisors of counties, for the purposes of regulation and revenue, to impose license taxes upon all kinds of business carried on in the county, including the limits of incorporated cities therein, within which the municipal authorities have like power, is not unconstitutional because including such city limits.

Id.—Payment of City License—Additional County License.—The payment of a license tax under a city ordinance does not exempt the person paying it from paying an additional license tax imposed upon the same business by a county ordinance.

Id.—"Regulation and Revenue"—Conflicting Police Regulations. The fact that the County Government Act authorizes the supervisors to impose license taxes for purposes both of "regulation and revenue" does not prevent the exercise of the power; though where the "regulations" made in the exercise of the police power are conflicting the police regulations made by the city will control within its limits.

Id.—Revenue—Regulations not Conflicting.—There is no conflict as to revenue between a county and city license tax upon the same business, though they are not the same in amount; and police regulations of a county ordinance not conflicting with those of the city, nor with the constitution or any general law, will be upheld and enforced within the city.

Id.—Liquor License—Power of County Under Constitution—City Ordinance not a General Law.— Under section 11 of article XI

of the constitution, providing that "any county, city, or town may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws," the supervisors of a county have power, independent of the County Government Act, to impose a liquor license tax not in conflict with any general law, and a city ordinance imposing a different license tax is not a general law within the meaning of that section.

ID.—"RETAIL LIQUOR ESTABLISHMENT"—CONSTRUCTION OF ORDINANCE— TAX UPON BUSINESS AND NOT UPON SALES.—An ordinance imposing a license tax for carrying on the "business" or "occupation of a retail liquor dealer" in a "retail liquor establishment," defined by the ordinance as "any place where spirituous, malt, or mixed liquors are sold, served, or given away by the drink or glass, or ·in any quantity to be drunk upon the premises," imposes a valid license tax for engaging in the business of retailing liquors, and not an invalid tax upon the sale of enumerated articles.

ID.—PUBLICATION OF ORDINANCE—NUMBERING OF SECTIONS—OMISSION.— The publication of an ordinance is not rendered invalid because in numbering the sections consecutively, section 32 does not appear in the ordinance: nor is the ordinance rendered void because the sections were not all numbered in consecutive order.

ID.—REASONABLENESS OF COUNTY LICENSE TAX—CITY LICENSE TAXES NOT CONSIDERED.—A county ordinance imposing a liquor license tax of thirteen dollars per month is not unreasonable; and the fact that a city in the county has imposed a liquor license tax of fifty dollars per month, and that its tax upon other business is too low, cannot affect the question as to the reasonableness of the county ordinance.

ID.—CONSTITUTIONAL LAW—SEPARABLE PROVISIONS NOT INVOLVED.—The constitutionality of separable provisions of the ordinance not involved in the enforcement of the license tax in suit will not be considered, and will only be passed upon when questions may arise thereunder.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lucien Shaw, Judge.

The facts are stated in the opinion.

Moye G. Norton, for Appellant.

Tirey L. Ford, Attorney General, William M. Abbott, Deputy Attorney General, James C. Rives, District Attorney of Los Angeles County, and F. R. Willis, Deputy District Attorney, for Respondent.

COOPER, C.—This action was brought in a justice's court to recover the sum of twenty-six dollars license tax for carrying on the retail liquor business in the city of Los Angeles during the months of June and July, 1899. Defendant in his answer raised the question of the legality of the ordinance under which it was sought to collect the license, and the case was transferred by the justice to the superior court for trial. Findings were filed and judgment entered for plaintiff. Defendant has appealed from the judgment on the judgment-roll. Many minor questions are raised and discussed by appellant's counsel, all of which we have examined, but we will discuss only those deemed material to the case as appears from the record here. On the eleventh day of August, 1897, the board of supervisors of Los Angeles county duly passed an ordinance entitled: "An ordinance imposing licenses, and fixing the rates thereof in the county of Los Angeles, state of California." The portions of said ordinance so far as material here are as follows:

"Section 1. It shall be unlawful for any person or persons, whether as principal, clerk, servant, agent, or employee, to engage in, conduct, or carry on any business, exhibition, or occupation in this ordinance specified, without first having procured a license so to do, as in this ordinance provided; and every person who shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor."

"Sec. 9. A license must be procured immediately before the continuance hereunder or the commencement of any business or occupation liable to license tax, as herein provided. .... No license issued under this ordinance shall authorize any person to carry on any business within the limits of any incorporated city or town having power to impose or levy any city or town license tax, unless in addition thereto the license required by such city or town be also first procured."

"Sec. 13. It shall be the duty of the tax collector, in the name of Los Angeles county as plaintiff, to bring suit for the recovery of any license tax herein imposed against any person required by this ordinance to first procure a license before

engaging in any business as herein defined, who carries on or attempts to carry on such business without such license."

"Sec. 15.    For the purposes of this ordinance a retail liquor establishment is defined to be:

"a. Any place where spirituous, vinous, malt, or mixed liquors are sold, served, or given away by the drink or glass.

"b. Any place where spirituous, vinous, malt, or mixed liquors are sold, served, or given away in any quantity to be drunk upon the premises. . . . .

"Any person who, either as owner, agent, or otherwise, conducts or carries on, or assists in conducting or carrying on, a retail liquor establishment, as such establishment is herein defined, is for the purposes of this ordinance declared to be carrying on the occupation of a retail liquor dealer."

"Sec. 26.    The rate of license for engaging in the occupation of a retail liquor dealer, as defined by section 15 of this ordinance, is hereby fixed at thirteen dollars per month, and such license may be transferred upon the consent of the board of supervisors to said transfer first being obtained."

It appears from the findings that at the time the above ordinance was passed and while defendant was carrying on the business for which the license tax is sought to be collected, that there was in force in the city of Los Angeles, being the place where defendant was carrying on business, a valid ordinance of the city, passed by the city authorities, whereby a license tax of fifty dollars per month was imposed upon defendant, and that such license tax under said city ordinance was paid by defendant for the identical months for which it is sought to charge him in this action.    The main contention of defendant is that subdivision 27 of section 25 of the County Government Act of 1893 is unconstitutional because it authorizes boards of supervisors to license all kinds of business for the purpose of regulation and revenue in incorporated cities where like power is vested in the corporate authorities of the city.    The portion of the section claimed to be unconstitutional reads: "To license for purposes of regulation and revenue all and every kind of business not prohibited by law and transacted and carried on in such county; . . . . to fix the rates

of license tax upon the same and to provide for the collection of the same by suit or otherwise."

We do not think the above provision is in conflict with the constitution. It has been held that the payment of a license tax, under a valid ordinance of a city, does not exempt the party so paying from paying a license tax to the county under an ordinance of the board of supervisors. (*In re Lawrence*, 69 Cal. 608; *Ex parte Mansfield*, 106 Cal. 400.) If there be a conflict between the ordinance of the city of Los Angeles and the county of Los Angeles in the regulations prescribed for carrying on of the business in the exercise of a police power, the ordinance of the city has superior force within the corporate limits of the city. (*Ex parte Roach*, 104 Cal. 272; *Ex parte Mansfield*, supra.) In *Ex parte Roach*, supra, this court said: "The constitution recognizes the division of the state into counties, and has authorized the legislature to establish for them a uniform system of government; but it has also authorized the creation of other municipalities within the boundaries of the several counties, and has given to such municipalities the same power of legislation upon these enumerated subjects as is conferred upon the counties themselves; and the power thus conferred by the constitution is to be construed, if possible, in such a way as to give full effect to its exercise by each of the designated bodies. It is no more necessary that there be a conflict between the power thus to be exercised by the county and the city than if the authority of each had been derived through an act of the legislature."

In the case from which we have just quoted, the defendant was arrested for a crime in violating the county ordinance of Kings county prohibiting the sale of intoxicating liquors between the hours of 10 o'clock P. M. and 5 o'clock A. M. The defendant had paid a city license in the city of Hanford, which contained no such restriction as to time. It was held that there was a conflict between the two ordinances as to the police regulation, and that the county ordinance must give way to the ordinance of the city. In the case at bar, the attempt is to collect revenue by a civil action, and there is no conflict as to revenue. Defendant is, under the authorities cited,

CXXXI. Cal.—30

liable both to the city and to the county for the revenue imposed upon him by the respective authorities of such city and county. It is said by defendant's counsel that the power is given to license "for regulation and revenue," and not for one alone. Conceding this to be true, the power may be exercised, but the regulation or police power must not conflict with a similar regulation of an incorporated town or city. But aside from the County Government Act ample and full power is given to the board of supervisors by section 11, article XI, of the constitution: "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

It will be observed that the only limitation upon the exercise of the powers so given is that the regulations to be made shall not be in conflict with the general laws. The ordinance in question is not in conflict with any general law. The ordinance passed by the city of Los Angeles is not a general law within the meaning of this section of the constitution. (*Ex parte Campbell,* 74 Cal 25.[1]) The power given by the said section of the constitution is ample, regardless of the County Government Act. (*Ex parte Roach, supra.*)

It is said by this court in *Ex parte Haskell,* 112 Cal. 416, in speaking of the duty of courts in upholding ordinances: "Every intendment is to be indulged in favor of its validity, and all doubts resolved in a way to uphold the law-making power; and a contrary conclusion will never be reached upon light consideration. It is the province and right of the municipality to regulate its local affairs—within the law, of course—and it is the duty of the courts to uphold such regulations, except it manifestly appear that the ordinance or by-law transcends the power of the municipality and contravenes rights secured to the citizen by the constitution, or laws made in pursuance thereof."

In the case at bar, we do not think the ordinance transcends the power of the board of supervisors under the constitution, nor does it conflict with any regulation of any ordinance of

[1] 5 Am. St. Rep. 418.

the city of Los Angeles.  It is next urged that the ordinance
is void for the reason that it attempts to license the sales and
not the business, and we are referred to the case of *Merced
County v. Helm*, 102 Cal. 159.  In that case the ordinance
imposed a license tax for the sale of enumerated articles and
the right to collect the tax by suit was limited to instances in
which the persons commence, carry on, engage in, or conduct
some "business" for which a license was required.  In this
case no such objection appears.  It is evident, from reading
the sections of the ordinance quoted, that the license is for
engaging in the business of retailing liquors.  By section 1 it
is made unlawful to conduct or carry on certain enumerated
businesses without first having procured a license.  By section
26 the rate per month for engaging "in the occupation of a
retail liquor dealer," as defined in section 15, is fixed.  By sec-
tion 15 any person who carries on or conducts a retail liquor
establishment as defined in other parts of the section is de-
clared to be carrying on the occupation of a retail liquor dealer.
It has been said that the rule in *Merced County v. Helm, supra*,
went to the extreme verge of strictness, and the court has
been disposed to limit rather than extend its application.  (*Ex
parte Seube*, 115 Cal. 630; *Ex parte Mansfield, supra*.)  We
think the ordinance valid under the authority of the above
cases.

It is claimed that the ordinance was never published as re-
quired by law.  The argument in support of this contention
is that section 32 is missing and that it was therefore pub-
lished leaving out section 32.  Evidently the number of sec-
tion 32 was by some mistake omitted from the copy of the
ordinance, for section 31 embraces two subjects, pawnbrokers
and persons or corporations engaged in the business of loan-
ing money, and each subject is embraced in separate and dis-
tinct sentences.  But it is sufficient to say that there is noth-
ing in the record to show that the original ordinance ever had
any section numbered 32.  It is stipulated that the ordinance
as annexed to the defendant's answer and printed in the tran-
script "was published as per the copy attached to defendant's
answer and cross-complaint on the fourteenth, sixteenth, seven-

teenth, eighteenth, nineteenth, twentieth and twenty-first days of August, 1897, that said ordinance went into effect August 27, 1897." We know of no rule that would make an ordinance void because the subdivisions of it were not all numbered in consecutive order. The ordinance did not go into effect until fifteen days after its passage. The court found that it was passed August 11, 1897. It went into effect August 27, 1897. The ordinance is not unreasonable. If other business carried on in the city of Los Angeles is taxed too low, or even if no license tax at all is imposed upon such business, it might be well for the defendant to bring the matter to the attention of the city and county authorities, but it is not an argument here sufficient for us to hold that thirteen dollars per month is unreasonable for carrying on the business of selling liquors at retail. It has been held here that fifty dollars per month for such license was not unreasonable. (*Ex parte Hurl*, 49 Cal. 557; *In re Guerrero*, 69 Cal. 88.)

The defendant points out and attacks several other different and independent sections of the ordinance which he claims are unconstitutional. It will be sufficient for this court to determine the constitutionality of these sections when some proceeding is here in which they are involved. Defendant is here sought to be charged with a license tax for carrying on the business of retailing spirituous liquors. He has carried on the business and has not paid the license. Under the views we have expressed, the section of the law under which the license tax is imposed is valid. This is sufficient as to defendant.

The judgment should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.