[Crim. No. 594.   Third Appellate District.—December 3, 1921.]

In the Matter of the Application of EUGENE KNIGHT for a Writ of Habeas Corpus.

[1] MUNICIPAL CORPORATIONS—LIQUOR TRAFFIC ORDINANCE—VIOLATION OF COUNTY ORDINANCE WITHIN CORPORATE LIMITS—ILLEGAL ARREST AND COMMITMENT.—A municipality and a county being separate and distinct governmental entities or agencies, and, within the scope of its powers, each being supreme within its own territorial limits, the operative power of an ordinance enacted by the governing board of the latter and which involves the exercise of any of the police powers directly granted to cities, towns, and counties by the constitution cannot be so extended as to affect or apply to persons violating within the limits of a municipality the provisions of such ordinance, and hence the arrest and commitment to answer of a person for the violation of a county prohibition enforcement ordinance is illegal where the violation occurred within the limits of a municipal corporation within the county which had itself an existing ordinance regulating the sale of liquor therein.

[2] ID.—ORGANIZATION WITHIN COUNTY—WITHDRAWAL OF TERRITORY FROM COUNTY LEGISLATIVE CONTROL.—When a municipality is organized within the boundaries of a county the territory embraced within the limits of such municipal corporation is withdrawn from the legislative control of the county as to all the subjects which the charter of such municipality declares shall be cognizable by the governing board or other authorities of such corporation.

1. Territorial effect of municipal ordinance, notes, 16 **Am. Dec.** 191; 13 **Ann. Cas.** 136,

[3] ID.—PENAL ENACTMENT—POWER OF MUNICIPALITY.—A municipal corporation has the power to make penal an act which has already been made penal by a state law, so long as there is nothing in the enactment in conflict with a general law of the state, and when this is done, the act becomes a separate offense against the state and the municipality.

APPLICATION for a Writ of Habeas Corpus to secure release for violation of a county prohibition enforcement ordinance. Granted.

The facts are stated in the opinion of the court.

J. A. McGregor and George F. Jones for Petitioner.

J. R. Robinson for Respondent.

HART, J.—The petitioner is held in custody by the sheriff of Butte County upon an order made by a justice of the peace of said county, sitting as a committing magistrate, holding him to trial in the superior court of said county for the violation of Ordinance No. 307, passed and adopted by the board of supervisors of said county of Butte on the second day of August, 1921. The avowed purpose of said Ordinance No. 307 is the enforcement of the eighteenth amendment to the federal constitution, prohibiting the sale, manufacture, transportation, etc., of alcoholic liquors within the limits of said county. Section 2 of said ordinance provides:

"All acts or omissions prohibited or declared unlawful by said Eighteenth Amendment, or by the said Volstead Act, are hereby prohibited and declared unlawful; and any such act or omission is hereby declared to be a violation of this ordinance and is hereby made a misdemeanor. Any such violation of this ordinance is punishable by a fine of not more than six hundred dollars, or imprisonment in the county jail for not more than seven months, or by both such fine and imprisonment. All fines collected under this ordinance shall be paid into the county treasury."

The specific charge against the defendant is that he sold intoxicating liquor within the limits of the county of Butte. It is admitted, however, that the offense of which the petitioner is accused was committed, if at all, within the limits of the city of Oroville, which is a municipal corporation

organized as such under the Municipal Corporation Act of 1883 (Stats. 1883, p. 93) and is of the fifth class. And it was also admitted that the city of Oroville had passed several ordinances regulating the traffic in intoxicating liquors. These ordinances were at the oral argument introduced as a part of the record in this proceeding. The first of said ordinances required the payment of a license of fifty dollars per month for engaging in the sale of alcoholic liquors and contained a number of provisions prescribing certain conditions upon which the license would be issued. The second ordinance merely restricted the business of retailing alcoholic liquors within a certain described district within the city of Oroville, making it unlawful for any person to engage in that business in any other portion of said city. The third was an initiative ordinance submitting to the electors of the city of Oroville the question whether it should become the local law of that municipality and which limited the number of licenses to be granted for retail liquor establishments to not to exceed three until the population of said city should be at least five thousand in number and an additional license to be allowed and issued for each one thousand increase in population, etc. The last-mentioned ordinance, having been ratified by the electors, of course superseded the preceding ordinances referred to above.

[1] The petitioner contends that his restraint by the sheriff of Butte County is illegal for the reason that the order of the magistrate upon the authority of which said sheriff claims the legal right to hold him was beyond the power or jurisdiction of the magistrate to make and is, therefore, absolutely void. The basis of the contention is that, a municipality and a county being separate and distinct governmental entities or agencies, and, within the scope of its powers, each being supreme within its own territorial limits, the operative force of an ordinance enacted by the governing board of the latter and which involves the exercise of any of the police powers directly granted to cities, towns, and counties by the constitution (Const., art. XI, sec. 11) cannot be so extended as to affect or apply to persons violating within the limits of a municipality the provisions of such ordinance.

55 Cal. App.—33

There can be no doubt that, under the decisions, the position of the petitioner is sound and must be sustained. A reference to some of the cases in which the precise question here was considered and decided and a quotation or two from the decisions therein will be sufficient to confirm this statement.

In *Ex parte Roach*, 104 Cal. 272 [37 Pac. 1044], the petitioner was held by the sheriff of Kings County under a warrant of arrest issued by a justice of the peace of said county charging him with having sold at his saloon in the city of Hanford intoxicating liquors, in violation of an ordinance of the board of supervisors of said county. The city of Hanford was then a municipal corporation of the sixth class, having been organized under the Municipal Government Act of 1883, and had prior to the time at which the petitioner was alleged to have violated the county ordinance passed an ordinance providing for the issuance of licenses for the sale of intoxicating liquors. The petitioner had received from the city of Hanford a license to carry on the business of retailing liquors within that city, which license was in force at the time of his arrest. It was contended by the petitioner in that case, as it is contended by the petitioner here, that his arrest under the county ordinance was illegal because the supervisors of the county of Kings were without any police power within the city of Hanford; "that the ordinance passed by that body under which he was arretsed is limited in its operation to those portions of the county not included within the boundaries of any municipality therein." After quoting in the opinion section 11 of article XI of the constitution and referring thereto, the court says:

"The power to make these regulations is by this section conferred upon the city as well as upon the county, and must be held to be equally authoritative in each. It is a portion of the law-making power which the people through their constitution have conferred upon these respective bodies, and its exercise is entitled to the same consideration and to receive the same obedience as that portion of the same power which by the same instrument has been conferred upon the legislature. The regulations made under this authority are none the less a part of the law because the authority to make them is conferred immediately by

the constitution, than if it had been conferred mediately through an act of the legislature. The only limitation upon the exercise of the power is that the regulations to be made under it shall not be 'in conflict with general laws.' As this limitation applies equally to regulations of the county and the city, it cannot be held by the terms of the limitation that the regulation of either of these bodies is a general law for the other, and it is held that an ordinance passed by a county is not a 'general law' within the meaning of this section of the constitution. (*Ex parte Campbell*, 74 Cal. 25 [5 Am. St. Rep. 418, 15 Pac. 318].)''

Again, in the same case, the court makes these further pertinent observations:

''It is not to be supposed that it was the intention of the people through their constitution to authorize a county to exercise the same power within the territory of the city as the city itself could exercise, or to confer upon the county the right to interfere with or impair the effect of similar legislation by the city itself. Mr. Dillon says (1 Dillon on Municipal Corporations, sec. 184) : 'There cannot be at the same time within the same territory two distinct municipal corporations exercising the same powers, jurisdictions, and privileges.' *Full effect can be given to the section by holding that each has been given the exclusive right of legislation within its own particular boundaries. By the organization of a city within the boundaries of a county the territory thus organized is withdrawn from the legislative control of the county upon the designated subjects, and is placed under the legislative control of its own council; and the principle of local government which pervades the entire instrument is convincive of the intention to withdraw the city from the control of the county* (italics ours), and to deprive the county of any power to annul or supersede the regulations of the city upon the subjects which have been confided to its control.''

*Ex parte Mansfield*, 106 Cal. 400 [39 Pac. 775], and *Ex parte Pfirrmann*, 134 Cal. 143 [66 Pac. 205], refer to *Ex parte Roach, supra*, and expressly approve and affirm the doctrine of that case. In the Pfirrmann case the petitioner was charged with violating an ordinance of the county of Los Angeles requiring a liquor license of fifteen dollars per month to be taken out by persons engaging in the

retail liquor business. He was a resident of the city of Los Angeles and his liquor business was conducted therein and he paid the license demanded by the ordinance of said city for carrying on such a business. The court in that case said:

"Whether or not the license fee or tax demanded by the county of Los Angeles under its ordinance be considered a fee or tax for revenue or for regulation of the business, is an immaterial matter; for, by virtue of the provisions of an act of the legislature (Stats. 1901, p. 635), a county has no power to demand a license fee or tax, either for purposes of revenue or regulation, from persons carrying on business within the limits of municipalities. Among other matters, that act provides: 'Boards of supervisors of the counties of the state, and the legislative bodies of the incorporated cities and towns therein, shall, in the exercise of their police powers, and for the purpose of regulation, as herein provided, and not otherwise, have power to license all and every kind of business not prohibited by law, and transacted and carried on within the limits of their respective jurisdictions.'

"Prior to the passage of the aforesaid act, it may be stated that the law was settled to the effect that within municipalities a board of supervisors had no power to enact police and sanitary measures, and therefore had no power therein to impose a license fee or tax for the purpose of regulating the liquor business, or any other business. In the absence of some direct and explicit constitutional provision, this court would not declare the existence of such a power; for difficulties and confusion arising from a clash of jurisdictions would be the only result to follow, if both the county and the municipality possessed the power of enacting police and sanitary measures within the confines of a municipality."

It will be observed that in the cases to which we have just referred and from which we have taken the above excerpts, there existed in the municipalities involved therein at the time of the proceedings against the petitioners ordinances regulating the retail liquor traffic within the limits of those municipalities. In the present case, there were also municipal ordinances existing in the city of Oroville, purporting to regulate the business of selling intoxicating

liquors by retail, which, however, were enacted long before
the adoption into the federal constitution of the eighteenth
amendment. [2] Whether the effect of the said amend-
ment to the federal constitution, as the same is interpreted
by the Volstead Act, 41 Stat. 305 [Fed. Stats. Ann.
(1919 Supp.), p. 197; U. S. Comp. Stats. (1919 Supp.),
p. 2678], was to nullify the force of these ordinances is a
question which it is not necessary for us to consider herein
for the reason that, as the decisions above referred to
clearly show, when a municipality is organized within the
boundaries of a county the territory embraced within the
limits of such municipal corporation is withdrawn from the
legislative control of the county as to all the subjects which
the charter of such municipality declares shall be cognizable
by the governing board or other authorities of such muni-
cipal corporation. Since, therefore, a municipality is a dis-
tinct governmental entity, entirely independent of the county
as such, and is, consequently, subject to no local legislation
which it is within the power of the governing board of the
county to enact, it is wholly immaterial whether or not the
municipal authorities exercise or put into operative effect all
the powers conferred upon it by its charter and the consti-
tution. The county, in brief, has no legal right to legislate
for a municipality located within its limits upon any subject
which is within the scope of the powers granted to the
municipality and particularly upon any matters involving
the police power of the state.

Counsel for respondent cites many authorities—28 Cyc.
696, and cases from other jurisdictions—which he insists
support the theory, vigorously pressed in resistance to the
position of the petitioner, that an ordinance by the super-
visors of a county dealing with subjects as to which a mu-
nicipality is empowered to enact prohibitory or regulatory
ordinances cover and affect the entire county, including the
territory embraced within any municipality existing therein,
and so may be enforced as against penal acts in violation
thereof committed within the limits of such municipality.
These cases need not be named herein [3] It is sufficient to
say that they all agree that a municipal corporation has the
power to make penal an act which has already been made
so by a state law, so long as there is nothing in the ordi-
nance making the act penal in conflict with a general

law of the state, and that, when this is done, such act becomes a separate offense against the state and the municipality; and, "in that case, the penalty imposed by the municipality is superadded to that fixed by the general law on account of the additional wrong done to it, and the wrongdoer is not twice punished for the same offense." (*Van Buren* v. *Wells, etc.,* 53 Ark. 368 [22 Am. St. Rep. 214, 14 S. W. 38]; *City of Kansas City* v. *Grubel,* 57 Kan. 436 [46 Pac. 714].) We have no dissent from that rule to suggest; but it does not, in its application, involve an analogous situation to the one presented here. As is said in *Ex parte Roach, supra,* citing *Ex parte Campbell,* 74 Cal. 25 [5 Am. St. Rep. 418, 15 Pac. 318]: "An ordinance passed by a county is not a 'general law' within the meaning of this section (sec. 11, art. XI) of the constitution." Moreover, as the cases above cited declare, when a municipal corporation is organized within the limits of a county, then so much of the territory of such county as is comprehended within the municipal limits of such corporation is, so far as local government is concerned, *withdrawn from the county,* and any ordinances passed by the latter can have no binding or any force upon the municipality as to any matters or subjects as to which the latter is vested with the power to enact prohibitory or regulatory local laws.

Our conclusion is that the petitioner, having committed the act for which he is now being restrained of his liberty within the limits of the city of Oroville, is not·subject to prosecution under Ordinance No. 307 of the county of Butte and that his restraint is, therefore, illegal.

Accordingly, the writ is granted and the petitioner is discharged·from the custody of the sheriff of Butte County.

Burnett, J., and Finch, P. J., concurred.