210 P.2d 798

**CLYDE HESS DISTRIBUTING CO. et al.
v. BONNEVILLE COUNTY et al.
No. 7432.**

Supreme Court of Idaho.
Oct. 22, 1949.

John A. Ferebauer, Idaho Falls, for appellants.

Robert E. Smylie, Atty. Gen., John A. Carver, Jr., Asst. Atty. Gen., Don J. McClenahan, Asst. Atty. Gen., amici curiae.

Errol H. Hillman, Idaho Falls, for respondents.

PORTER, Justice.

On July 7, 1947, the board of county commissioners of Bonneville County made and entered an order entitled "Regulations for the Sale of Beer." The first paragraph of such regulations reads as follows:

"I.

"No beer shall be sold, offered for sale, consumed or given away upon any licensed premises during the following hours:

"Saturday-midnight to 7 a. m. the following Monday.

"Memorial Day-midnight of previous day to 7 a. m. day following Memorial Day.

"Thanksgiving Day from midnight of previous day to 7 a. m. day following Thanksgiving Day.

"Christmas Day from midnight of previous day to 7 a. m. *to* day following Christmas day."

Thereafter, respondents commenced this action seeking a declaratory judgment determining their rights and declaring said paragraph I of such regulations to be invalid. They further prayed that it be declared and determined that the duly licensed retailers of beer are lawfully entitled to sell, offer for sale, or give away beer, and the same may be consumed, during all hours of every day, except between the hours of one o'clock a. m. and seven o'clock a. m. It appears from the amended complaint that each of the respondents is a holder of a wholesaler's beer license or retailer's beer license for the sale of beer in Bonneville County.

Appellants interposed a general demurrer to the amended complaint which was duly presented to the trial court and overruled and time given the appellants to answer. Thereafter, judgment by default was entered against the appellants for failure to answer. By such judgment it was adjudged and decreed that said paragraph I of the regulations in question is void and unenforceable; and that all duly licensed retailers of beer in the State of Idaho may sell, offer for sale, or give away beer during all hours of every day except between the hours of one o'clock a. m. and

seven o'clock a. m. From such declaratory judgment the appellants have duly appealed to this court.

It is not claimed by respondents that paragraph I of such regulations is invalid because the same is unreasonable, oppressive, discriminatory or prohibitory. Respondents assert that such regulation is invalid because it is in conflict with the general law as it *prohibits* acts permitted by the State.

The general law provides for the sale of beer by licensees. There is no express statute authorizing the sale of beer during any prescribed hours. Section 23-1012, I.C., prohibits the sale of beer during certain hours. Such section reads as follows: "It shall be unlawful and a misdemeanor for any person in any place licensed to sell beer or where beer is sold or dispensed to be consumed on the premises, whether conducted for pleasure or profit, to sell or permit to be consumed on the premises beer as the same is defined by law, between the hours of one o'clock A.M. and seven o'clock A.M."

The right of a licensee to sell beer is further limited by the provisions of Sections 23-1014, I.C., and 23-1015, I.C. Section 23-1014, I.C., provides: " * * * that nothing in this act shall be so construed as to prohibit or prevent municipalities or counties from licensing and regulating places of business where beer is sold to the consumer."

Section 23-1015, I.C., provides: "It shall be unlawful for any retailer to sell beer without first procuring a retailer's license from the county, said license to be issued on such conditions and terms as may be required by the board of county commissioners in the county wherein such place of sale of beer is located; * * *."

Thus, it appears that the legislature by Section 23-1012, I.C., has not occupied and did not intend to occupy the whole field of hours of sale of beer, thereby making any regulation by the county necessarily inconsistent with the general law. Ex-parte Iverson, 199 Cal. 582, 250 P. 681.

 Both Section 23-1012, I.C., and the regulation in question are prohibitory in terms. The regulation merely goes further than the statute and prescribes additional hours during which sale of beer is prohibited. Am.Jur. 37, page 790, states the applicable rule under such circumstances as follows: "Thus, where both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective."

See Quillin v. Colquhoun, 42 Idaho 522, 247 P. 740; Clark v. Alloway, 67 Idaho 32, 170 P.2d 425; State v. Musser, 67 Idaho 214, 176 P.2d 199; State v. Brunello, 67 Idaho 242, 176 P.2d 212; Mann v. Scott, 180 Cal. 550, 182 P. 281; Ex parte Iverson, supra. We conclude that the regulation in question is not in conflict with the state law in so far as it extends the hours during which beer may not be sold.

It is urged by respondents that such regulation is void upon the ground that a county has no power to prescribe police regulations effective within a municipality. Article 12, Section 2 of the Idaho Constitution is as follows: "Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

 It appears to be conceded that in the exercise of the powers granted by such constitutional provision, a county cannot make police regulations effective within a municipality. See Ex parte Roach, 104 Cal. 272, 37 P. 1044; Ex parte Pfirrman, 134 Cal. 143, 66 P. 205; Ex parte Knight, 55 Cal.App. 511, 203 P. 777; State v. Robbins, 59 Idaho 279, 81 P.2d 1078; concurring opinion of Justice Taylor in Barth v. De Coursey et al., 69 Idaho ——, 207 P. 2d 1165, at page 1168.

 It also appears to be conceded that county regulations passed under such constitutional grant of power, cannot be en-

forced in a municipality in a field reserved to municipalities under the constitution, whether such field has been occupied by municipal ordinance or not. People v. Velarde, 45 Cal.App. 520, 188 P. 59; Ex parte Knight, supra; State v. Robbins, supra. Therefore, the fact that it does not appear that the regulation in question is in conflict with any existing ordinance of a municipality, is not important. The question is one of power and not one of conflict.

It seems to be the position of appellants and Amicus Curiae that the legislature, under its general power, can, *by statute,* authorize a county to make a police regulation effective within a municipality; and that the legislature has, by statute in the beer law, so empowered counties. They appear to rely greatly upon Anderson v. Board of Commissioners of Lemhi County, 22 Idaho 190, 125 P. 188, and State v. Robbins, supra.

In Anderson v. Board of Commissioners of Lemhi County, supra, the court was considering a mandamus proceeding against a board of county commissioners to compel the issuance of a county license to sell intoxicating liquors within a municipality. The court held that the statutes then in existence required the obtaining of a county license before liquor could be sold either within or without an incorporated city; and that the county commissioners were vested with discretion to either grant or refuse an application for license. Article 12, Section 2, of the constitution was not

referred to; and the question of the right of the legislature to authorize a county to make police regulations effective within a municipality was not discussed.

In State v. Robbins, supra, the defendant was selling beer under a municipal license without having obtained a county license. The statutes then existing did not require that a county license be obtained as a condition precedent to the issuance of a city license. In reversing the conviction of the defendant, the court remarked that if the statutes were substantially the same as those considered in Anderson v. Board of Commissioners of Lemhi County, supra, the conviction would be sustained. That is, if the statutes required the procurement of a county license in all instances, such provision would be valid and effective. The court further recognized that a county cannot make police regulations effective within a municipality under the power granted by Article 12, Section 2, of the constitution. It did not discuss or recognize as an exception to this rule, appellants' contention that the legislature, by statute, might empower a county to make police regulations enforceable within a municipality.

Anderson v. Board of Commissioners of Lemhi County, supra, and State v. Robbins, supra, seem to be authority, in this connection, only to the effect that the legislature may make the procurement of a county license a condition precedent to the sale of liquor or beer either within or without a municipality.

512

■ The position of appellants and Amicus Curiae overlooks the fact that a municipality, under the constitutional provision in question, has authority to make police regulations not in conflict with general laws, coequal with the authority of the legislature to pass general police laws. The legislature can pass a general law effective upon all, but it cannot restrict the constitutional right of a municipality to make police regulations not in conflict or inconsistent with such general law. An attempt by the legislature to grant authority to a county to make police regulations effective within a municipality would be an infringement of such constitutional right of a municipality. A police regulation made by a county is not a general law for a municipality within the meaning of the constitution. Ex parte Knight, supra; State v. Robbins, supra.

Furthermore, we fail to find where the legislature, in the beer law, has, expressly or impliedly, attempted to authorize a county to make police regulations effective within a municipality. By Section 23-1014, I.C., both counties and municipalities are authorized to regulate places of business where beer is sold. By Section 23-1015, I.C., counties are authorized to issue licenses upon such conditions and terms as they may require. It cannot be inferred from these two sections that the legislature intended that such regulations or conditions and terms would not be limited in that they must be reasonable, not conflict with the general laws, and not infringe on the constitutional right of a municipality to make its own police regulations.

Section 23-1016, I.C., provides for the issuance of a municipal license and provides that no municipal license shall be issued to a retailer until he has first obtained a county license. Section 23-1017, I.C., provides that both counties and municipalities may levy and collect a license fee.

■ It does not appear from any of the foregoing statutes that the legislature has gone beyond its recognized power and attempted to empower a county to make police regulations enforceable within a municipality.

■ The fact that the regulation in question does not, in terms, exclude municipalities, does not make it invalid in the territory to which it is applicable. Johnston v. Savidge, 11 Idaho 204, 81 P. 616; State v. Bird, 29 Idaho 47, 156 P. 1140; People v. Velarde, supra.

■ We conclude that paragraph I of the regulations in question is not in conflict with the general law in prescribing hours in which beer may not be sold in addition to those set out in Section 23-1012, I.C.; that it is a valid and subsisting regulation which the board of county commissioners of Bonneville County had the right to make and enforce so far as the territory embraced in Bonneville County is concerned, exclusive of municipalities; and that such regulation is without force and effect

.within the limits of the incorporated municipalities located in such county.

The judgment of the trial court is reversed in so far as it decrees the regulation in question to be void and unenforceable in Bonneville County, exclusive of municipalities; and is affirmed in so far as it decrees that such regulation is void and unenforceable within the limits of incorporated municipalities in Bonneville County. Costs to appellants.

HOLDEN, C. J., KEETON, J., and LOWE, D. J., concur.

GIVENS, Justice (dissenting in part).

I dissent from the holding that the county ordinance "is without force and effect within the limits of the incorporated municipalities located in such county." Otherwise, I concur.