9 P.3d 1234

**Robert F. BLAHA and Ruth L. Blaha, husband and wife, Petitioners–Appellants—Appellants on Appeal,**

and

**Avery Pratt and Tim Pratt, husband and wife, Petitioner–Appellant,**

v.

**EAGLE CITY COUNCIL; Garth M. Wilde and Pat Wilde, husband and wife; and E. Charles Palmer and Vella Palmer, husband and wife, Respondents–Respondents on Appeal.**

No. 25050.

Supreme Court of Idaho, Boise, February 2000 Term.

Sept. 6, 2000.

Jones, Gledhill, Hess, Andrews, Fuhrman, Bradbury & Eiden, PA, Boise, for appellants. Stephan A. Bradbury argued.

Connolly & Smyser, CTD., by John P. Connolly, Boise, for respondents Wilde and Palmer.

Moore & McFadden, Boise, for respondent Eagle City Council. David H. Bieter argued.

WALTERS, Justice.

This appeal concerns the final plat approval of Buckwheat Acres Subdivision by the Ada County Board of Commissioners, specifically focusing on the Eagle City Council's interim approval of the plat. This Court concludes that the order of the City approving the final subdivision plat was not a final, appealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

In May of 1996, Garth M. and Pat Wilde and E. Charles and Vella Palmer submitted an application to the Ada County Development Services seeking to subdivide a forty-acre parcel located in the Area of Eagle City Impact. The applicants requested preliminary plat and private road approval for an 8–lot residential subdivision with each lot containing five acres, to be known as Buckwheat Acres Subdivision.

The Eagle City Council considered the subdivision application at its June 23, 1996, meeting as a matter of "new business." The minutes of the meeting do not indicate that the matter was scheduled as a public hearing that was preceded by notice. After a motion to approve the transmittal and conditions that had been imposed by the Planning and Zoning Commission, the Council approved the preliminary plat of the subdivision located outside the limits of the City of Eagle but within the area of city impact. The Council did not prepare a written decision.

Early in 1997 when the City began processing the final plat application for the Buckwheat Acres Subdivision, Robert F. Blaha and Ruth L. Blaha, husband and wife, and other neighbors of the proposed subdivision informed the City of their opposition to the subdivision application. They asserted that Valli–Hi Lane, the private road designated to provide access for the subdivision, failed to meet street and intersection design requirements set out in Eagle City Code § 9–3–2–5B, which the Blahas claimed were applicable to subdivisions located in the area of city impact.

The Council held a regular session on May 13, 1997, at which time the Council approved the final plat of the subdivision application and recommended that the plat of the Buckwheat Acres Subdivision be approved by Ada County. On May 27, 1997, the Blahas filed a petition for judicial review of the action of the Council. This petition was consolidated with the Blahas' petitions for review from the

County's later decisions granting a variance regarding road width and intersection design requirements in the subdivision and granting final plat approval of the subdivision.[1]

The district court conducted a hearing to review the decision of the City Council approving the final subdivision plat of the Buckwheat Acres Subdivision and issued an order dated September 16, 1999. The district court determined that the issue was one of statutory interpretation of the ordinances adopted regarding the area of city impact where the subdivision is located. The district court held that the City's approval of the subdivision was merely advisory and thus the City had no duty to provide notice, an opportunity to be heard, or a written decision of its reasons for the approval.

## ISSUES

On appeal to this Court, from the district court's order, the Blahas claim that the City Council violated the Local Land Use Planning Act (LLUPA) and the Eagle City Code, and failed to provide them due process in granting final plat approval of the Buckwheat Acres Subdivision. The Blahas argue that the City Council improperly granted final plat approval because the application did not conform to the design standards of the Eagle City Code § 9–3–2–4:B(1) and (2), made applicable to subdivisions located within the area of city impact.

## DISCUSSION

 A person aggrieved by a planning and zoning decision may seek judicial review as provided by the LLUPA. *See* I.C. §§ 65–6721 and 67–5279. Under the statutory scheme found in Chapter 65, Title 67, Idaho Code, the governing board for an unincorporated area, including the area of impact, is the board of county commissioners. *Clyde Hess Distrib. Co. v. Bonneville County*, 69 Idaho 505, 210 P.2d 798 (1949). As provided by Article XII, § 2 of the Idaho Constitution, "any county or incorporated city or town may

1. The district court's decision dated December 23, 1998, in *Blaha et al. v. Board of Ada County Comm'rs, et al.*, District Court No. CV OC 9605837D and No. CV OC 9605837D, dealing with issues related to the County's grant of the variance and the County's final plat approval, respectively, is the subject of a separate appeal, 134 Idaho 770, 9 P.3d 1236 (2000).

make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." Therefore, a city has jurisdictional authority to make zoning decisions, including subdivision plat approvals, but only when the subdivision lies within the city limits.

■ Without deciding whether the City's approval is a prerequisite to the County's approval, we conclude that the order of the City approving the subdivision plat application was not a final order but was an interlocutory order. Pursuant to Idaho Appellate Rule 17(e)(1)(A), the notice of appeal shall designate the final judgment, order or decree appealed from which shall be deemed to include, and present on appeal all interlocutory judgments, orders and decrees entered prior to the judgment. As an interlocutory order, the City's approval order was not directly appealable or subject to review except as part of a timely-filed appeal from the Ada County Board of Commissioners' final decision on the subdivision plat. Therefore, the issues as to whether the City erred in granting its approval of the subdivision plat are not properly before the Court in this appeal.

The appeal from the order of the Eagle City Council approving the final subdivision plat of the Buckwheat Acres Subdivision is hereby dismissed. Costs to the respondents, no attorney fees are allowed.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.