(No. 5395. May 8, 1930.)

RUTH HELEN BRIXEY and E. BRIXEY, Husband and Wife, Respondents, v. JACK CRAIG, Appellant.

[288 Pac. 152.]

Henry Hall and Hodgin & Hodgin, for Appellant.

James R. Bothwell and W. Orr Chapman, for Respondents.

McNAUGHTON, J.—Plaintiffs, Ruth Helen Brixey and E. Brixey, instituted separate actions in damages against defendant to recover for personal injuries and damage to property alleged as resulting from an automobile collision due to defendant's negligence. Defendant denies negligence and pleads contributory negligence. The cases were consolidated by the trial judge. A verdict was returned in favor of each plaintiff, assessing Ruth Helen Brixey's damages at $900, and E. Brixey's damages at $450, together with a verdict for $90 for damage to plaintiffs' car. Judgment was entered accordingly, and defendant appeals. The cases here will be considered together.

Respondents, on the afternoon in question, were traveling east toward the village of Eden, and about a mile therefrom, down a hill of five per cent grade, at a rate of speed estimated by them at from twenty to twenty-five miles per hour. Appellant's estimate was much higher. Respondents were the last of three automobiles proceeding along this highway in the same direction.

The appellant approached the east and west main highway upon a short byroad (maintained for three farmers whose places were upon it) from the south. This byroad, and travelers upon it, were at the time entirely concealed from view to travelers, approaching it from the west, by a bank and rank growth of sweet clover. The byroad was not graveled but the highway had a twenty-seven foot graveled surface with shallow borrow-pits at the side. The appellant, from a distance, had observed two of these cars on the main highway and drove his car to a short distance from the intersection and stopped. Waiting until two cars had passed, he then proceeded on to the highway immediately in front of respondents. He did not know of their presence until he

got upon the highway. Appellant testified he entered the highway going easterly at an angle of forty-five degrees and at a speed of five miles per hour; that no part of his car went north of the center line of the main highway. He testified that after he got beyond the clover and on to the road he first saw respondents approaching at a distance of about eighty feet. He thought they were approaching at the rate of about forty miles per hour. Appellant immediately pulled back off the road to the south. The rear ends of the cars side-swiped and respondents' car rolled once and a half over, resulting in the damages claimed. The evidence as to what transpired the instant before the accident is very conflicting, and as is usual upon such occasions, rather indefinite. The collision was a rear side-swiping, probably due to skidding. Respondent's version, upon which he predicates negligence, is that appellant suddenly came out upon the highway at about twenty miles per hour, drove straight out past the center, turned sharply to the right and went back off the road; that when respondent first saw appellant he was only thirty or forty feet away; that respondent first put on his brakes; that he saw he did not have room in which to stop, then he tried passing appellant to the left; that he could have cleared to the left if the rear of appellant's car, due to his sharp turn, had not skidded four or five feet to the left of the center of the road. Respondent claims the collision was due to the left rear of appellant's car skidding into the right rear of his car. The heaviest impact seems to have been upon the right rear wheel of respondents' car, which was broken. Several witnesses testified that appellant, upon entering the highway drove beyond the center. Respondent's claim is that appellant came out in front of him so suddenly that he could not stop, but that he could have gotten by if the rear end of appellant's car had not skidded so far to the left of the middle of the road.

Appellant asks reversal here upon assignments claiming the record discloses contributory negligence as a matter of law. Also that there is reversible error in the record in that

the trial court refused to give defendant's 15th requested instruction.

There is some question as to whether, under the facts proved by competent evidence, the short road from the south over which appellant approached the highway was a public road. However, we shall treat it as an intersecting public road; but the record is silent as to any marker upon the highway, and discloses there were no visible signs or conditions which would indicate its presence from the west on the main highway until a traveler was almost abreast of it. The record discloses that respondents were newcomers in the country; that they had been living about eight miles east of Jerome only five months; that they had been upon this highway past the intersection only twice before the day of the accident; and that they had never observed the intersecting road and did not know it was there.

The record is conclusive that respondents did not slow down for this intersection; that they approached to the very intersection at a rate of speed greatly in excess of fifteen miles per hour.

Appellant claims that pursuant to subd. 3 of sec. 4, chap. 260, Laws of 1927, respondent was as a matter of law guilty of negligence *per se,* and that this negligence contributed to the injury and precluded recovery.

Our Uniform Act regulating the operation of vehicles on highways (chap. 260, Laws 1927) in part provides:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person.

"(b) Subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified in this act, it shall be *prima facie* lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful. . . . .

"3. Fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. . . . .

"8. Thirty-five miles an hour under all other conditions. It shall be *prima facie* unlawful for any person to exceed any of the foregoing speed limitations except as provided in subdivision (c) of this section."

This court has frequently held that for one to violate a positive statutory inhibition is negligence *per se*, and not merely *prima facie* evidence of negligence. We do not question that rule.

Here, however, we are not dealing with a positive statutory inhibition. It is not made absolutely unlawful to approach an intersection, the view of which is obstructed, at a rate of speed greater than fifteen miles per hour, but this is *prima facie* unlawful, and we think it follows that if it is not absolutely unlawful it cannot be said to be absolutely negligent. We think it makes a *prima facie* case of negligence.

The presumption is that one approaching such an intersection at a rate of speed greater than fifteen miles per hour is doing so in violation of law and the presumption is that he is guilty of negligence, not less and not more than that. With the burden shifted by this presumption, negligence is still an issuable fact.

The statutory law of Idaho on this subject, and the basic Uniform Act similar, adopted in many other states, apparently evade positive iron-clad rules, indeed this flexibility dependent upon different conditions is conspicuous. Courts interpreting these statutes in other states recognize that feature, and we think rightly so. (*Hayden v. Lundgren*, 175 Minn. 449, 221 N. W. 715.)

It is claimed the jury disregarded the court's instructions. The instructions are ample and fair. We do not find the verdict in view of the evidence necessarily inconsistent with them.

It was not error to refuse to give defendant's 15th requested instruction, for as a matter of fact appellant did

not presume the approaching car was coming at a lawful rate of speed. He knew nothing of its approach and had no thought whatever regarding it. To hold that one in driving out upon and beyond the middle line of a through highway from an obscured road, where he has no right beyond the center, without ascertaining whether or not cars are approaching from either direction, is always protected in a presumption that any approaching car will slow down at fifty feet from the intersection to fifteen miles per hour, would invite carelessness with its dire consequences, and would be inconsistent with the vigilance enjoined upon all by our motor vehicle law. We think the questions of negligence and contributory negligence, from the facts and circumstances in evidence in this case, were issues for the jury. We find the instructions to the jury were full and fair, and the evidence sustains the verdicts.

The judgment is affirmed, with costs to respondents.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.

Petition for rehearing denied.