HASSELMAN and another, Appellants, vs. ZIMMERMAN and others, Respondents.

*November 6—December 3, 1957.*

For the appellants there was a brief and oral argument by *Eugene A. Bitters* of Ripon.

For the respondents there was a brief and oral argument by *George J. Laird* of Fond du Lac.

BROADFOOT, J. The first contention made by the plaintiffs is that Mrs. Zimmerman was negligent in the manner in which she parked the automobile as a matter of law. Plaintiffs rely upon two cases, *Hughes v. Rentschler Floral Co.* 193 Wis. 49, 213 N. W. 625, and *Biller v. Meyer,* 33 Fed. (2d) 440. In the *Hughes Case* the defendant's delivery truck was parked at the curb on an incline to enable the driver to deliver a package at the house of a customer. During the absence of the driver the truck started

coasting down the hill where it struck a young woman, inflicting injuries resulting in her death. In that case the driver testified that he set his hand brake tightly and cramped the right front wheel against the curb. After both parties rested, the trial court granted defendant's motion for a directed verdict and dismissed the complaint. This court reversed, and held that upon the record a jury question was presented. Plaintiffs quote one sentence from the decision as follows (p. 52):

"Unquestionably, if the testimony of the driver is to be taken as absolutely true, to the effect that he put his brake on tightly and cramped the wheel in against the curb, such action on his part would be ordinary care."

Although this court did not use the words *"res ipsa loquitur"* it did hold that the record in that case warranted inferences by the jury and that the jury was not bound to believe the testimony of the driver. The plaintiffs argue that the sentence quoted established the standard of ordinary care to be exercised by a driver in parking a motor vehicle on a steep grade. We cannot agree with that interpretation.

Mrs. Zimmerman testified that she did not put her hand brake on, and she was not certain whether she turned the right front wheel against the curb. The Zimmerman automobile was equipped with some type of automatic transmission. She shifted this transmission into parking position, and relied upon that to hold the car. She testified that she had parked on that same street several times and on other declines and that when the automatic transmission was set in parking position nothing had ever happened. An automobile mechanic testified that when the automatic transmission was set in parking position there are three teeth that lock into the gear in the transmission and a car then cannot move more than a quarter to half an

inch. He further testified that this resulted in a locking of the wheels and that it operates better than setting the emergency brake.

The *Hughes Case* was decided in 1927 before cars were equipped with automatic transmission devices. The court did not say that some other equally effective means would not be a compliance with the standard of ordinary care. Certainly if a driver blocked his wheels with wooden or cement blocks or chained the car to some immovable object the car would be unable to move unless tampered with by some other person, and the standard of ordinary care would be complied with.

In the *Biller Case, supra,* the driver testified that he set his brake and put his car in reverse gear. The court stated that if the driver had taken the precautions to which he testified he would have been absolved from all negligence. However, the court said the case is one for the application of the doctrine of *res ipsa loquitur,* cited the *Hughes Case,* and affirmed a judgment for the plaintiff.

Had the jury found that Mrs. Zimmerman was negligent in the manner in which she parked her car that verdict, upon the record here, would have to be sustained upon the doctrine of *res ipsa loquitur*. That doctrine, however, does not require, but merely affords a basis for, a finding of negligence.

Witnesses testified that shortly after the Zimmerman car struck the second automobile at the foot of the hill a man was seated behind the steering wheel. When he entered the car does not appear. There was testimony that he had attempted to enter the car after it struck the Hasselman car, but that he was unable to get into the car before the second collision. That person, who was not identified by name, was not called as a witness. The burden of proof was upon the plaintiffs. The testimony of Mrs. Zimmerman,

together with that of the automobile mechanic, if believed by the jury, was sufficient to warrant the finding of no negligence by the jury. Upon the record here we cannot say that Mrs. Zimmerman was negligent as a matter of law.

The plaintiffs next contend that the court erred in its instructions to the jury with respect to the degree of care to be exercised by Mrs. Zimmerman. The argument made on this point as contained in the brief is as follows:

"Even if the matter of negligence was properly for the jury in this instance, the test as to whether or not the defendant was negligent should not have been based upon whether or not the great mass of mankind would have acted as did the defendant under similar circumstances for the reason that if the jury could reasonably find that the great mass of mankind would have acted as did Jean Zimmerman, then such conduct was still negligence."

Plantiffs then refer to the case of *Osborne v. Montgomery*, 203 Wis. 223, 234 N. W. 372, and paraphrase the language of Mr. Chief Justice ROSENBERRY as follows:

"He points out that if the standard of conduct has not been established by statute or previous decision and a general standard is used then the standard should be based on what the man of ordinary prudence would and should have done in similar circumstances and not based on what the great mass of mankind may have actually done in like situations."

We do not find that the *Osborne Case* so holds. On page 233 of that opinion, in defining the term "ordinary care" reference was made to that degree of care which the great mass of mankind ordinarily exercise under the same or similar circumstances. In discussing negligence on page 242 the "ordinarily prudent person" language was used. In *Dillenberg v. Carroll*, 259 Wis. 417, 49 N. W. (2d) 444, it is held that ordinary care is such care as the great

mass of mankind ordinarily exercise under the same or similar circumstances. In *Hanlon v. Milwaukee E. R. & L. Co.* 118 Wis. 210, 95 N. W. 100, the following language was used (p. 223):

"It seems that we ought by this time to be absolved from the necessity of repeating that the two expressions, 'the great mass or majority of mankind,' and its type, 'the man of ordinary care and prudence' are entire equivalents, and properly used interchangeably."

According to Shephard's Wisconsin Citations that rule was affirmed in several later cases. In the *Osborne Case, supra,* it was stated that no particular form of instruction is sacrosanct. The two expressions mean the same thing, and may be used interchangeably. We find no merit in the second contention.

*By the Court.*—Judgment affirmed.