432 P.2d 775

Lloyd V. RILEY and Ellen Riley, husband
and wife, Plaintiffs-Respondents,

v.

Joseph Val LARSON and Lionel Jensen dba
Wheatley and Jensen Texaco,
Defendants-Appellants,

and

Newell J. Neibaur, Defendant.

No. 9927.

Supreme Court of Idaho.

Oct. 20, 1967.

Merrill & Merrill, Pocatello, for appellants.

Clark & Lyon, Pocatello, for respondents.

SPEAR, Justice.

By this action, plaintiffs-respondents seek to recover for personal injuries to respondent Ellen Riley and for damages to the Rileys' automobile resulting from a collision with another auto.

While driving her automobile in an easterly direction on Cedar Street in the City of Pocatello, Mrs. Riley collided with another automobile which was traveling in a northwesterly direction. At the time of the accident, which occurred about 11:30 a. m. to 12:00 o'clock noon on the 3rd of June, 1964, no one was in the car that struck Mrs. Riley. The collision took place approximately fifteen minutes after appellant Larson had parked the car on the north side of the Wheatley and Jensen Texaco station, facing in a westerly direction. Before leaving the car unattended, Larson had set the gear in "reverse," instead of "park," and he failed to set the hand brake and turn the front wheels away from traffic as prescribed by I.C. § 49-759.

Trial was had before the court sitting without a jury and judgment was entered in favor of the plaintiffs. The trial court found and concluded that (1) damage to plaintiffs' car was in the sum of $350.00; (2) the collision was proximately caused by the negligence of defendant Larson in not setting the hand brake as required under the provisions of I.C. § 49-759 for parking a vehicle and failing to put the gears in "park" position; (3) no contributory negligence of Ellen Riley was established by the evidence; (4) plaintiff Ellen Riley suffered permanent damages [personal injuries] by reason of said accident; and (5) that plaintiffs were entitled to a judgment against defendants, jointly and severally, in the sum of $17,500 general damages and $1,455.26 special damages.

This is an appeal from that judgment, appellants assigning error to each of the major findings and conclusions hereinbefore set out. To properly pass upon each assignment of error it is first necessary to consider the evidence in some detail.

## (A) NEGLIGENCE OF DEFENDANTS LARSON AND JENSEN

On the day of the accident, June 3, 1964, defendant Larson, who was working for Jensen, doing business under the trade name and style of the Wheatley and Jensen Texaco Station, picked up a 1960 Buick automobile owned by Newell J. Neibaur and brought it back to the station which is located at the corner of Cedar and Yellowstone Streets in Pocatello. After the car was serviced, defendant Larson then parked it on a slight incline next to the north side of the building, facing toward the west.

The Buick had an automatic transmission with a "park" setting. Larson testified that he had turned the key off and shifted the gear into "reverse," not "park," but that he had neither set the hand brake nor turned the wheels away from the traffic. He did not actually see the Buick roll out into the street, but estimated that a time of fifteen minutes had elapsed before the car was involved in the accident.

 It is well settled in Idaho that violation of a statutory inhibition is negligence per se. State ex rel. McKinney v. Richardson, 76 Idaho 9, 277 P.2d 272 (1954). I.C. § 49-759, dealing with the operation of motor vehicles—rules of the road—provides:

"Unattended motor vehicle—No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highways."

It is evident that the purpose of this statute is to provide against a motor vehicle becoming a derelict on the road and the dangers attendant thereon. Failure on the part of one to comply with the statutory requirement of setting the brake and turning the wheels away from traffic renders that person prima facie liable for the consequences which the statute was intended to prevent. The undisputed evidence here shows that the Neibaur automobile did become a derelict and a menace to traffic. See Rozner v. Harrell Drilling Company, Tex.Civ.App., 261 S.W. 2d 190 (1953).

Moreover, under a similar statute, the court in McCoy v. Courtney, 25 Wash.2d 956, 172 P.2d 596, 170 A.L.R. 603 (1946), noted that such a statute does not require the operator to put the car in gear, nor does such a precaution meet the requirements of the statute.

Appellants stress the fact that since the Buick was held in place for some fifteen minutes, there must have been some outside force or other agency that acted upon the vehicle to jar it from its stationary position. They rely on the case of Hughes v. Jolliffe, 50 Wash.2d 554, 313 P.2d 678 (1957), in which a car was parked on a slight incline for over an hour with the automatic gearshift locked in park before it began to roll backwards. After the accident, the gearshift lever was found to be in neutral. The court there rejected the doctrine of *res ipsa loquitur* as the basis for negligence on the grounds that the car had remained in position for a "substantial length of time" and that no evidence was adduced as to who or what shifted the gears into neutral.

While the length of time in which the car remained parked before starting is an element not to be ignored (see cases cited in 16 A.L.R.2d 979, at 993), we are not impressed that under the circumstances of this case it is conclusive in appellants' favor.

In the first place, the time lapse of fifteen minutes was only an approximation and not definite; but in any event we take the view that fifteen minutes is not so substantial a length of time that, as a matter of law, this court is compelled to hold defendants' initial negligence no longer could serve as the proximate cause for the Buick's rolling onto the thoroughfare and causing the accident.

Secondly, defendant Larson admitted that he did not put the automatic gearshift into the "park" position, nor was there any proof offered to show that the gearshift had not at all times remained in the reverse setting.

Thirdly, the Neibaur car being parked upon a grade from the service station, the defendant Larson should have turned the front wheels of the car away from the oncoming traffic as prescribed by the statute. It was the duty of defendant Larson to set the hand brake and turn the wheels away from traffic so that this sort of accident would not happen. Under these circumstances, we cannot say that the trial court's finding of proximate cause from the occurrence of the accident was unwarranted where no other evidence was offered to explain the cause of the collision. See Pelland v. D'Allesandro, 321 Mass. 387, 73 N.E.2d 590 (1947); Hasselman v. Zimmerman, 2 Wis.2d 345, 86 N.W.2d 418 (1957).

(B) CONTRIBUTORY NEGLIGENCE OF MRS. RILEY

In this respect factual details of the accident are not disputed as the only eyewitnesses were the occupants of the Riley automobile, namely, Mrs. Riley and her young daughter.

The facts are that Mrs. Riley was proceeding east along Cedar Street at a speed not in excess of twenty miles per hour as she was approaching the traffic signal at the intersection of Yellowstone and Cedar. She was in the process of slowing down, of actually applying her brakes, in anticipation of the red traffic light approximately one hundred and forty feet in front of her. Mrs. Riley testified that at that moment she saw a car approaching on her right, as it entered the traffic traveling at a

"normal rate of speed" and "in a normal manner." She first observed this car when it was perhaps some sixteen to twenty feet away but stated that she couldn't see whether anyone was in the car as the sun was reflecting on the windshield and obscuring her view. As to what happened immediately thereafter, Mrs. Riley testified as follows:

"Q. So then what did you do?

"A. I proceeded in a normal manner; I looked in my rear view mirror to see the traffic behind me, and then I realized the car didn't appear to be slowing down, and I honked politely and then I honked rather intensively, and then I just put my hand on the horn and honked continually when I realized the car wasn't going to stop.

"Q. Did you get out of the way then?

"A. I couldn't go anywhere; there was no place to go.

"Q. Why was this?

"A. Well, the car was coming at me from the right, and there was traffic on the left and traffic in front of me, and traffic behind me. I applied the brakes. I didn't realize until the car was perhaps five or six feet away from me that it was going to,—that it wasn't going to stop."

Under cross-examination, Mrs. Riley testified that only when she first realized the Buick wasn't going to stop did she apply her brakes to stop. At that time she realized she was going to be hit before the actual impact and braced herself. She did not realize there was no driver in the Buick until she actually got out of her car and walked up beside the Buick.

Appellants contend that this testimony establishes contributory negligence by Mrs. Riley as a matter of law and precludes any recovery by the respondents.

The burden of proof of the affirmative defense of contributory negligence is upon the party pleading such defense, unless it appears from the evidence introduced by plaintiff. I.R.C.P. 8(c); Larsen v. Jerome Cooperative Creamery, 76 Idaho 439, 283 P.2d 1096 (1955); Bell v. Carlson, 75 Idaho 193, 270 P.2d 420 (1954).

This court has consistently held that the charge of contributory negligence must be sustained by substantial evidence in the record. Bell v. Carlson, supra; Madron v. McCoy, 63 Idaho 703, 126 P.2d 566 (1942); Knauf v. Dover Lumber Co., 20 Idaho 773, 120 P. 157 (1911).

Contributory negligence, though generally a question of fact for the jury, becomes a question of law for the court only when established facts and circumstances permit but one possible conclusion to be drawn by a reasonably prudent man. Larsen v. Jerome Cooperative Creamery, supra; Dale v. Jaeger, 44 Idaho 576, 258 P. 1081 (1927).

Appellants rely upon no other evidence to substantiate their claim of contributory negligence except that adduced from the testimony of Mrs. Riley. Their contention rests on the fact that Mrs. Riley did not attempt to avoid the collision until the Buick was only some five to six feet away although she had first seen the car enter the traffic and angle toward her when it was perhaps sixteen to twenty feet away.

We are of the opinion that under these facts the question was one for the trial court; and that we cannot hold, as a matter of law, that plaintiff's acts constituted contributory negligence.

At the time Mrs. Riley first observed the Buick, it appeared to be approaching her in what she characterized as a "normal rate of speed" and "in a normal manner." She had complete control of her automobile and was already in the process of slowing down, proceeding at a speed not in excess of twenty miles per hour.

Although Mrs. Riley anticipated no imminent peril because she could not see that the Buick was unattended, she still honked her horn to put what she reasonably expected to be another driver on notice.

When she realized the Buick was not going to stop, Mrs. Riley applied her brakes all the way, but couldn't swerve from the path of the oncoming car as there was traffic on all sides of her.

There is nothing in the evidence to suggest that Mrs. Riley failed to keep a proper lookout or to be cognizant of that which was plainly visible or obviously apparent. Drury v. Palmer, 84 Idaho 558, 375 P.2d 125 (1962).

The conclusion of the trial court that appellants failed to satisfy their burden of proof of contributory negligence by Mrs. Riley was correct.

## (C) MEDICAL PROOF OF CAUSATION

Appellants next contend that the medical evidence adduced at the trial fails to show any direct or positive proof of causation and that it leaves to mere speculation whether or not the ensuing operation was necessitated by the accident.

Immediately after the collision, Mrs. Riley experienced some pain in her neck and shoulders and saw a doctor that same afternoon. Five days later, on the 8th of June, 1964, she consulted an orthopedic specialist, who took several X-rays and suggested conservative treatments of heat and rest. Mrs. Riley also underwent physical therapy at his suggestion. By the middle of October, the orthopedist recommended that she see a neuro-surgeon. This she did and in January, 1965, an orthopedic surgeon performed an operation consisting of a disc fusion to the fifth, sixth and seventh cervical vertebras on Mrs. Riley. This is the surgery for which a large part of the special damages were allowed by the trial court.

The evidence disclosed that in July, 1962, Mrs. Riley had experienced some of the same symptoms upon which Mrs. Riley's specialists based the necessity of the surgery in 1965, and it is appellants' contention that the evidence was not clear concerning how much of the injury was received in the June, 1964, accident and how much was pre-existing.

Nothing would be served by delineating in detail the testimony of the expert witnesses who testified at the trial and by depositions regularly introduced in the record. Suffice it to say there is ample, competent, expert evidence sustaining the finding of the trial court that the injuries received in the June, 1964 accident made necessary the surgery performed in January, 1965. This court has consistently followed the principle that when the findings of the trial court are supported by substantial, competent, though conflicting, evidence, such findings will not be disturbed on appeal. Formont v. Kircher, 91 Idaho 290, 420 P.2d 661 (1966); Meridian Bowling Lanes, Inc. v. Brown, 90 Idaho 403, 412 P.2d 586 (1966); King v. MacDonald, 90 Idaho 272, 410 P.2d 969 (1965).

## (D) DAMAGES TO THE RILEYS' AUTOMOBILE

The final question presented on this appeal is whether there is any evidence in the record to support the trial court's award of $350.00 special damages for damages to the Rileys' Ford. We think there is.

Plaintiffs' complaint alleged that as a result of the collision, their automobile was damaged on the front right fender, grill, windshield, and other parts in the approximate amount of $350.00.

At the trial, Mr. Riley testified that the Riley Ford sedan sustained damages to the right front fender, the hood, grill, the lights and door on the right hand side, and the windshield. Although the Ford had not been repaired, Mr. Riley estimated that the cost of such repairs in dollars and cents would amount to approximately $350.00.

On cross-examination, this evidence was stricken because Mr. Riley's estimate was not based on any personal knowledge or actual repair bills, nor were written estimates on which he based his claim verified before the court.

However, on redirect, Mr. Riley testified that the value of the auto to him, as owner, was approximately $1250 prior to the acci-

dent, while immediately thereafter he estimated its market value was practically nil "because it was next to impossible to sell a car in an injured condition, except as junk."

Over objection, the trial court also accepted his testimony that on two or three prior occasions he had tried to sell the car, first for $600, and then again for $500, but he couldn't sell it for either amount in its unrepaired condition.

It is a settled rule in Idaho that the owner of property is a competent witness to its value. In Rankin v. Caldwell, 15 Idaho 625, 632, 99 P. 108 (1908), this court said:

> "The general rule, that to qualify a witness to testify as to market value, a proper foundation must be laid showing the witness to have knowledge upon the subject, does not apply to a party who is testifying to the value of property which he owns. The owner of property is presumed, in a way, to be familiar with its value, by reason of inquiries, comparisons, purchases and sales. The weight of such testimony is another question, and may be affected by disclosures made upon cross-examination as to the basis for such knowledge, but this will not disqualify the owner as a witness."

In Garrett v. Neitzel, 48 Idaho 727, 285 P. 472 (1930), the only direct evidence as to the actual value of an automobile which was purchased under the assumption that it was new, but which in fact turned out to be second-hand, was furnished by plaintiff herself. This evidence was held to be competent in view of the above rule and where, from the record, it appeared that plaintiff had previously owned some six or seven used cars.

Furthermore, the record in this cause discloses that Mr. Riley was employed as a mechanic and had done mechanical work on automobiles most of his adult life. It is clear, then, that Mr. Riley's testimony as to the market value of the car, both before and after the accident, is competent.

We hold that this evidence is sufficient to support the trial court's award of special damages to the Riley car in the amount of $350.00.

Judgment affirmed. Costs to respondents.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.