657 P.2d 1073

**Bill HOBBS, Plaintiff-Appellant,**

v.

**Dean L. ABRAMS, Robert M. Hull, Dale F. McKay, Franklin County Commissioners; M.D. Kunz, Clerk Franklin County Commission; Dean Gunnell, Sheriff for Franklin County, Idaho; and the County of Franklin, State of Idaho, Defendants-Respondents.**

No. 13923.

Supreme Court of Idaho.

Jan. 28, 1983.

Monte R. Whittier, Pocatello, for plaintiff-appellant.

J.D. Williams and Lowell D. Castleton, Preston, for defendants-respondents.

DONALDSON, Chief Justice.

The plaintiff-appellant, Hobbs, has an interest in two businesses located in Preston, Idaho and Franklin, Idaho, that are licensed to sell beer in Franklin County. On April 28, 1980, Franklin County Commissioners passed an ordinance (1) banning the sale of keg beer within Franklin County and (2) making it illegal for any person, not a licensed wholesaler or dealer, to possess a keg of beer in the unincorporated areas of Franklin County.[1] This ordinance, 80–1, went into effect on May 1, 1980. On May 28, 1980, Hobbs filed a declaratory judgment action against the Franklin County Commissioners, the Franklin County Clerk, the Sheriff for Franklin County and the County. Hobbs claimed that the ordinance prohibited him from carrying on a lawful business and asked that the district court declare the ordinance void. Hobbs filed a motion for summary judgment on July 16, 1980. After a hearing the district court declared that ordinance 80–1 was valid and enforceable and granted summary judgment in favor of the defendants. Hobbs appealed this decision.

The respondents preliminarily challenge the appellant's right to proceed by way of a declaratory judgment action. I.C. § 10–1202, the statute controlling who may bring a declaratory judgment action, states that,

"[a]ny person interested under a deed, will, written contract or other writings constituting a contract or any oral contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The respondents claim that following this statute the declaratory judgment action is

1. The pertinent sections read:
   "SECTION TWO
      UNLAWFUL TO SELL BEER
   "It shall be unlawful for any person by himself, his or her employees or agents to sell, or to expose or keep for sale directly or indirectly upon any premises, any keg of beer within Franklin County, State of Idaho. This ordinance shall not prohibit the dispensing of beer from kegs for sale on the premises of licensed beer retailers."
   "SECTION THREE
      POSSESSION OF KEGS

   "1. It shall be unlawful for any person to purchase, consume, or possess either solely or jointly with another, any beer in a keg in the unincorporated areas of Franklin County, State of Idaho, except that persons licensed as manufacturers and distributors and other licensed individuals, possessing a valid license to possess keg beer issued by a political subdivision of the State of Idaho may possess keg beer for the purpose of transportation through Franklin County or other lawful purposes within Franklin County."

improper because the appellant, a retailer, is attempting to establish his right to sell beer in kegs under I.C. § 23–1007 and § 23–1007 only refers to wholesalers and dealers.[2] Because the appellant has no rights under I.C. § 23–1007 the respondents argue that he is not affected by the ordinance.

The appellant is only relying on I.C. § 23–1007 in an attempt to persuade this Court that the county ordinance is unconstitutional because a conflict exists between this state statute and the county ordinance. He alleges that a conflict exists because the statute gives him the right to sell beer in kegs and the county ordinance now forbids him from selling beer in kegs. Even assuming he has no statutory right to sell beer under I.C. § 23–1007, his status was affected because before the passage of the ordinance he was able to sell beer in kegs and after its passage he was prohibited from selling beer in kegs. Therefore, we hold that he is a proper party to challenge the validity of the section of the ordinance that prohibits the sale of beer in kegs in Franklin County.

■ The main argument raised by the appellant is that this ordinance is unconstitutional under Article 12, § 2 of the Idaho State Constitution. It provides:

"Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

This Court has stated that there are three general restrictions that apply to ordinances enacted under the authority conferred by this constitutional provision: "(1) the ordinance or regulation must be confined to the limits of the governmental body enacting the same, (2) it must not be in conflict with other general laws of the state, and (3) it must not be an unreasonable or arbitrary enactment." *State v. Clark,* 88 Idaho 365, 374, 399 P.2d 955, 960 (1965).

■ Concerning the first restriction, that the ordinance must be confined to the limits of the governmental body enacting the ordinance, the appellant argued before this Court that the portion of the ordinance prohibiting the sale of beer in kegs in "Franklin County" applies to incorporated municipalities within the county, and therefore, the ordinance should be found void. He argued it should be void because a county has no power to prescribe police regulations effective within a municipality.

This Court has previously held that following Article 12, § 2 of the Idaho State Constitution, a county cannot make police regulations effective within a municipality. *Clyde Hess Distributing Co. v. Bonneville County,* 69 Idaho 505, 510, 210 P.2d 798, 801 (1949), *cited with approval in Ben Lomond, Inc. v. City of Idaho Falls,* 92 Idaho 595, 448 P.2d 209 (1968). It is irrelevant that the ordinance in question is not in conflict with any existing ordinance of a municipality because "[t]he question is one of power and not one of conflict." *Id.* at 511, 210 P.2d at 801. However, "[t]he fact that the regulation in question does not, in terms, exclude municipalities, does not make it invalid in the territory to which it is applicable." *Id.* at 512, 210 P.2d at 802. Therefore, while the Franklin County ordinance is without force and effect within the limits of the incorporated municipalities located in Franklin County, the failure to expressly exclude municipalities does not invalidate the ordinance.

**2.** Prior to the 1982 amendment I.C. § 23–1007 stated:

"SALES BY DEALERS AND WHOLESALERS—PROHIBITED UNLESS OBTAINED FROM LICENSEES—CONSUMPTION ON PREMISES PROHIBITED—MINIMUM SALE ON LICENSED PREMISES OF UNBROKEN PACKAGES OR KEGS.—It shall be unlawful for any dealer or wholesaler to sell, or dispose for use, within the state of Idaho any beer produced, manufactured, imported or bought by such dealer except through licensed dealers, wholesalers or retailers; nor shall any dealer or wholesaler allow for a consideration such beer to be consumed upon the premises of such dealer or wholesaler; provided, however, that any dealer or wholesaler shall be allowed to make sales of beer in unbroken packages or kegs of not less than four (4) gallons to a consumer at his licensed premises."

The appellant's businesses are both located in incorporated towns, but as stated above, the ordinance can only apply to the unincorporated areas of the county. The possession portion of the ordinance specifically states that it only applies to the "unincorporated areas of Franklin County." Because of this the ordinance does not affect the appellant's activities within the incorporated municipalities in Franklin County. Thus, this Court will not address the remaining constitutional arguments challenging the portion of the ordinance that prohibits the selling and possessing of keg beer in the unincorporated areas of the county.

The district court issued a memorandum opinion concluding that the ordinance was valid and then requested counsel for the defendant to submit "proposed findings and conclusions and a proposed judgment" in accordance with the memorandum opinion. However, the appellant's Notice of Appeal was filed prior to the trial court's entering any declaratory judgment in this matter but the record indicates that the district judge intended to enter a judgment in accordance with his decision and the parties did stipulate on appeal that the Memorandum Decision should act as a judgment. Therefore, based on the trial court's statement in his Memorandum Decision and the parties' stipulation this Court can consider this civil matter, but because a formal judgment is not a part of the record, we remand with directions to enter a declaratory judgment consistent with this opinion.

No costs or attorney fees on appeal.

BAKES, J., and McFADDEN, J., Pro Tem, concur.

SHEPARD, J., concurs in the result.

BISTLINE, Justice, concurring and dissenting.

I concur in the majority's holding that the ordinance is without force and effect within the limits of the incorporated municipalities located within Franklin County, but do not agree with the holding that appellant has no standing to challenge the ordinance insofar as it prohibits the possession of keg beer within the county. There is, of course, a considerable portion of the county which lies outside the confines of the few scattered municipalities.

I.C. § 10–1202 provides that "[a]ny person ... whose rights, status or other legal relations are affected by a ... municipal ordinance ... may have determined any question of construction or validity arising under the ... ordinance ... and obtain a declaration of rights, status or other legal relations thereunder."

Section 2 of the ordinance as written prohibits not only the sale of keg beer within Franklin County, but also the purchase, consumption, or possession of keg beer in Franklin County.[1] Under the Court's construction of the ordinance, appellant, whose licensed retail premises are situated in two incorporated municipalities, is not prohibited from *selling* keg beer. However, the Court ignores the impact on appellant of Section 3 of the ordinance which prohibits the consumption or possession in the unincorporated areas of the county. Can it be that prohibiting the possession of beer within the county in all areas outside of the incorporated city limits will not affect appellant's "rights, status or other legal relations"? I think not. This ordinance is obviously intended to and will destroy a large segment of appellant's trade; those customers who might purchase in Preston and Franklin a keg of beer which they intend to take home or elsewhere in parts of the county not within any corporate limits, or, even which might be transported within the county in order to reach another municipality or some other county, will have to recognize that in so doing they may be faced with charges of violation of the ordinance, the consumption or possession of keg beer outside municipality limits being criminalized by the county's ordinance. Those who otherwise would make keg purchases at ap-

1. This section making both the sale and the purchase, consumption or possession illegal subjects both the seller and the purchaser to the penalties prescribed in section 6 of the ordinance.

pellant's establishment simply will not chance the threat of 30 days imprisonment and/or a $300 fine imposed under the ordinance.[2]

Seeing little value in a lengthy unilateral dissertation on a proposition with which the Court declines to come to grips, I simply point out that the State has occupied the whole field of regulating beer container sizes and thereby pre-empted the county from acting in this area.[3] In *Clyde Hess Distributing Co. v. Bonneville County,* 69 Idaho 505, 510, 210 P.2d 798, 800 (1949), the Court held that if the legislature has shown its intent to occupy the whole field "any regulation by the county [would] necessarily [be] inconsistent with the general law." In *Lancaster v. Municipal Court,* 6 Cal.3d 805, 494 P.2d 681 (1972), the California Supreme Court held:

> "[A] local municipal ordinance is invalid if it attempts to impose additional requirements in a field that is preempted by general law. ... Local legislation in conflict with general law is void. Conflicts exist if the ordinance duplicates ..., contradicts ..., or enters an area fully occupied by general law, either expressly or by legislative implication.... If the subject matter or field of the legislation has been fully occupied by the state, there is no room for supplementary or complementary local legislation, even if the subject were otherwise one properly characterized as a 'municipal affair.'" 494 P.2d at 682 (citations omitted). *See Phoenix Respirator & Ambulance Service, Inc. v. McWilliams,* 12 Ariz.App. 186, 468 P.2d 951 (1970).

That the State has manifested its intent to occupy the whole field is established by I.C. § 23–1030 which regulates the sizes of containers that may be sold in this state and by I.C. § 23–1007 which governs the sale of beer in kegs.[4]

I.C. § 23–1030 provides in pertinent part that:

> "No brewer, dealer, or wholesaler shall, without permission of the director, adopt or use any container for beer, differing in size from the following:
>
> . . . .
>
> whole barrels
> half-barrels
> quarter-barrels
> eighth-barrels"

In *State v. Barsness,* 102 Idaho 210, 628 P.2d 1044 (1981), this Court recently held that a Boise city ordinance which was more restrictive than the state provision governing the same subject was pre-empted by state law. In that case state law required emergency vehicles to utilize an audible *or* visible signal, I.C. § 49–606, and the Boise City Code required emergency vehicles to use both audible *and* visible signals. We there held that, "[a]ssuming such conflict exists, the provisions of a city ordinance must yield to provisions of the state statute." 102 Idaho at 211, 638 P.2d at 1045. Similarly, in the present case, the ordinance in question is more restrictive than state law and so should be struck down.

I.C. § 23–1007 which governs the sale of beer in kegs, provides that any dealer or wholesaler at his licensed premises shall be allowed to sell to consumers beer in unbroken packages (cases of cans or bottles) or kegs of not less than four gallons. Nothing in the entire act suggests that counties or cities are allowed any say in the matter of

---

2. Section 6 of the ordinance provides:
   "Violations of this act shall be punishable by the imposition of a fine in the sum not to exceed Three Hundred and No/100 ($300.00) Dollars or by being sentenced to serve thirty (30) days in the county jail, or by both such fine and imprisonment."

3. Id. Const. art. 12, § 2 provides that: "Any county ... may make and enforce, within its limits, all such local police, sanitary and other regulations *as are not in conflict with* its char-

ter or with *the general laws.*" (Emphasis added.)

4. I.C. § 23–1020 provides the penalty for violations of either of these sections: "Any person who violates any of the provisions of this act shall be guilty of a misdemeanor." I.C. § 18–113 sets out the punishment for commission of a misdemeanor: "[E]very offense declared to be a misdemeanor, is punishable by imprisonment in a county jail not exceeding six (6) months, or a fine not exceeding $300, or by both."

beer container sizes—which is far different from allowing any sales at all or the setting of permissible hours of sale. The ordinance directly conflicts with the mandatory terms of this provision and is therefore pre-empted. *State v. Clark,* 88 Idaho 365, 399 P.2d 955 (1965).

I would therefore hold that appellant, as a person affected by this ordinance, has standing to determine the legality of this ordinance which I deem questionable in light of the statutory provisions cited above.