783 P.2d 311

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Francis MONAGHAN, Defendant–Appellant.**

No. 17751.

Court of Appeals of Idaho.

Nov. 30, 1989.

Gigray, Miller and Downen, Caldwell, for appellant. Ronald Joseph Wilper argued.

Jim Jones, Atty. Gen., Roger Lee Gabel, Deputy Atty. Gen., for respondent. Gabel argued.

SWANSTROM, Judge.

Francis Monaghan appealed from a magistrate's judgment finding he had committed the infraction of failure to yield to an emergency vehicle—a Canyon County Sheriff's vehicle. In its appellate capacity, the district court upheld the magistrate's judgment. The issue in this appeal is whether the state was required to prove, as an element of the infraction, that the warning lights and siren on the sheriff's vehicle met the statutory operating requirements of former I.C. § 49–606(1), (3) (repealed in 1988 and replaced by I.C. § 49–623). This raises a question of law over which we exercise free review. We reverse.

During a rainy afternoon in August, 1987, Monaghan was driving west on Karcher Road toward its intersection with Nampa/Caldwell Boulevard in Canyon County. At that intersection, Monaghan's traffic signal indicated green. As Monaghan continued through the intersection he collided with a Canyon County Sheriff's vehicle operated by Deputy Forsberg who was proceeding south on Nampa/Caldwell Boulevard through a red light while responding to an emergency call. The flashing blue top lights and siren on the sheriff's car were operating. Upon approaching the intersection, Deputy Forsberg slowed and stopped his car to allow a vehicle already in the intersection to proceed along Karcher Road. The deputy then drove into the intersection where the collision with Monaghan's vehicle occurred. An Idaho State Police Officer was called to the scene. After interviewing two eye witnesses and investigating the accident, he issued Monaghan a citation for failure to yield to an emergency vehicle. I.C. § 49–645 (repealed in 1988 and replaced by I.C. § 49–625).

At the time, I.C. § 49–645 provided:

(1) Upon the immediate approach of an authorized emergency vehicle making use of an audible or visible signal, meeting the requirements of section 49–606, Idaho Code, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the nearest edge or curb of the roadway lawful for parking and clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.

(2) This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.

Former I.C. § 49–606 set forth the standards governing audible and visible emergency vehicle warning signals:

(1) The driver of an authorized emergency vehicle, when responding to an emergency call ... may exercise the privileges set forth in this section, but subject to the conditions herein stated:

....

(2)(b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation....

(3) The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal having a decibel rating of at least one hundred (100) at a distance of ten (10) feet and/or is displaying a flashing light or lights visible in a 360 degree arc at a distance of one thousand (1000) feet under normal atmospheric conditions or both. Only a police vehicle operated as an emergency vehicle shall display at least one (1) blue light and all other authorized emergency vehicles shall display at least one (1) red light meeting the above visibility requirements.

The interpretation of the language contained in these two statutes is the primary concern of this appeal.

Monaghan argues the state did not present any evidence that either of the warning devices on the sheriff's vehicle complied with these statutory requirements. Monaghan concludes that, without such proof, he could not be found guilty of the offense of failure to yield to an authorized emergency vehicle. We agree.

To determine whether proof of compliance with statutory requirements is an element of the infraction of failure to yield to an emergency vehicle, we must determine whether the statutes are clear or ambiguous. If clear, "then we read the statute literally, neither adding nor taking away anything by judicial construction. But if it is ambiguous, then we must go outside the language of the statute itself to ascertain and to effectuate the legislative intent." *St. Benedict's Hosp. v. County of Twin Falls*, 107 Idaho 143, 148, 686 P.2d 88, 93

(Ct.App.1984); *see also Knudson v. Boundary County Sch. District*, 104 Idaho 93, 656 P.2d 753 (Ct.App.1982) (review denied). The state concedes in its brief that because I.C. § 49–645 specifically refers to I.C. § 49–606, both statutes must be read in conjunction "to glean the elements of the offense." In our view the statutes are clear and unambiguous and must be read literally.

When these statutes were enacted in 1977, they were penal in nature. A violation was declared to be a misdemeanor and carried the possibility of a fine and jail sentence. Through later revisions of the traffic laws, most moving traffic violations, including the offense of failure to yield to an emergency vehicle, were decriminalized and were made "infractions." Nevertheless, we believe that in construing sections 49–606 and 49–645 we must determine their meaning and intent at the time of their enactment as criminal statutes.

It is said generally that "the elements of a crime are its requisite (a) conduct (act or omission to act) and (b) mental fault (except for strict liability crimes)—plus, often, (c) specified attendant circumstances, and, sometimes, (d) a specified result of the conduct." W. LaFAVE & A. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 1.8(b), n. 13 (1986) (hereafter referred to as LaFAVE). The dispute here centers on whether the "conditions" specifically listed in section 49–606 and referred to in section 49–645 are elements of the offense. We believe that such conditions are what LaFAVE has described as "specified attendant circumstances."

Section 49–645 clearly states that drivers of all vehicles must yield the right of way to authorized vehicles "making use of an audible or visible signal, meeting the requirements of section 49–606, Idaho Code...." [1] Those conditions are set out specifically. Among other things, the vehicle must be making use of an audible warning signal having a decibel rating of 100 at a distance of ten feet or must be

---

1. This same reference to "meeting the requirements of section 49–606" is made in I.C. § 49–705 (formerly 49–730) requiring pedestrians to yield to authorized emergency vehicles.

displaying a flashing light or lights visible from any direction at a distance of 1000 feet under normal atmospheric conditions. We can only conclude from the language of the statutes that the Legislature intended these conditions to be met before any driver could be found guilty of failure to yield to an emergency vehicle. The statutory conditions are elements of the offense. The state had the burden to prove that at least one of the emergency warning devices was in compliance with the statutes.

In arguing that it does not have such a burden, the state relies on *State v. Barsness,* 102 Idaho 210, 628 P.2d 1044 (1981), *cert. denied* 454 U.S. 958, 102 S.Ct. 495, 70 L.Ed.2d 373 (1981), the only case decided by our Supreme Court dealing with sections 49–606 and 49–645. When that case was tried, the offense of failure to yield to an authorized emergency vehicle was a misdemeanor. Barsness was convicted of the offense and he appealed. In *Barsness,* a Boise police officer was speeding in a police vehicle in response to "a felony in progress" report. The vehicle was displaying its flashing lights but was not sounding its siren when Barsness turned his car in front of the police vehicle and a collision occurred.

The state notes that certain language in Justice Bistline's dissent mentions only two conditions or requirements of section 49–606 to be met by the driver of the emergency vehicle: "(1) 'he does not endanger life or property,' I.C. § 49–606(2)(c), and (2) he operates the vehicle with 'due regard for the safety of all persons,' I.C. § 49–606(4)." *Id.* at 211, 628 P.2d at 1045. Because there was no mention that the state also needed to prove the police officer's siren or lights met the standards prescribed in the statute, the state argues the Court did not consider these standards to be elements of the offense. The state's argument presumes too much.

It does not appear in the *Barsness* opinion whether Barsness, a pro se appellant, ever raised the question of the need of the state to prove the lights on the police car met the visibility standard specified in section 49–606. The state may have supplied proof at trial that simply eliminated any need to further discuss this aspect of the case. In any event, there is nothing in either the majority or dissenting opinion which indicates to us the Supreme Court has expressed its view on the issue raised in the present case. Accordingly, we are not persuaded by the argument made here that *Barsness* supports the state's position.

Finally, the state has argued the Legislature could not have intended to impose the "intolerable" burden upon the state to prove compliance with section 49–606(3) at the time of the offense. We think the state's argument exaggerates the impact of our decision. We can only presume that in any civil action brought by or against a governmental entity for damages arising out of collisions with authorized emergency vehicles, the burden will already fall upon the governmental entity to provide evidence that its safety equipment meets the standards prescribed by the Legislature. We presume that in any such action it will be to the advantage of the governmental entity to make a showing of compliance.

Second, the burden is not as onerous as the state contends. Prudent operators of emergency vehicles already make periodic inspections of safety equipment. Testing of lights and sirens can be performed at such times, although we do not suggest that testing must be done frequently. Some governmental departments will be able to generate and retain records or reports that could be admissible in evidence to show compliance. I.R.E. 803(6), (24), 902(11). In some instances, manufacturers' certificates or labels may constitute prima facie evidence of compliance. I.R.E. 803(6); *see also State v. Bell,* 115 Idaho 36, 764 P.2d 113 (Ct.App.1988). No special testing equipment would be needed to determine that warning lights meet the standard required by the statute. Neither does it appear that unusually sophisticated or expensive equipment would be required to test the decibel level of a siren. Circumstantially, compliance could be shown by testing either before or after the event in question. Accordingly, we are not persuaded by the state's arguments that the Legislature could not have intended the

state to prove compliance with the standards before a motorist could be found guilty of failure to yield to an emergency vehicle. To the contrary, the statutes clearly show the legislative intent to make proof of compliance an element of the offense. We are shown no valid reason to disregard this clear intent.

Here, the only proof of compliance was the testimony of two motorists, stopped at opposite sides of the intersection, who testified that they heard the siren and saw the emergency lights of the sheriff's vehicle. One of them testified the emergency vehicle was "about a block away" when he first heard the siren and observed the lights. This testimony, by itself, did not constitute substantial evidence of compliance with the specific statutory requirement of an audible signal with a certain decibel rating or a flashing light visible at a distance of 1000 feet.

Because the state did not meet its burden of proving the elements of the infraction, we reverse the appellate decision of the district court and remand the case with directions that it be further remanded to the magistrate division for entry of a judgment for Monaghan as provided by Rule 7(e), Idaho Infraction Rules.

WALTERS, C.J., and BURNETT, J., concur.